UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO. 4:16 CR 1981 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| ANDREW COX, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Andrew Cox's Expedited Motion For Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(6). (ECF #11). For the reasons set forth below, the Defendant's Motion is hereby DENIED.

Mr. Cox pled guilty in 2011 in the United States District Court for the District of New Jersey to six counts of knowingly distributing child pornography in violation of 18 U.S.C. §2252A(a)(2)(A). He was sentenced to 262 months of imprisonment. His conviction and sentence were affirmed on appeal. *United States v. Cox*, 553 F. App'x 123, 125 (3d Cir. 2014), cert. denied, 135 S. Ct. 1463 (2015). On January 20, 2016, Cox filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the New Jersey district court. Within a month of filing his 2255 petition, Mr. Cox, who was housed at Elkon in Lisbon, Ohio,

filed his first petition for habeas relief pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Ohio. The district court denied the petition, and Cox voluntarily dismissed his appeal. In February 2016, Cox filed a second § 2241 petition claiming that the New Jersey district court refused to exercise jurisdiction over his § 2255 motion, which this court also denied. The Sixth Circuit affirmed the district court's denial. On August 8, 2016, Cox filed yet another § 2241 habeas corpus petition, renewing his argument that the New Jersey district court has refused to exercise jurisdiction over his § 2255 motion in violation of the Suspension Clause. The district court denied this petition, and, again the Sixth Circuit affirmed. Mr. Cox now seeks relief from the denial under Fed. R. Civ. P. 60(b)(6).

A Rule 60(b)(6) motion must be made within a reasonable time. Fed.R.Civ.Pro. 60(c)(1). The Sixth Circuit has held that a "district court does not have the discretion to extend the period of limitations set forth in Rule 60(b)." *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1332 (6th Cir. 1985). The ruling from which Mr. Cox seeks relief was entered on September 12, 2016. It was affirmed by the Sixth Circuit Court of Appeals on April 24, 2017. Mr. Cox' motion under 60(b) is, therefore, clearly time barred.

Even if it had been timely filed, the motion would also be denied on the merits. The decision from which Mr. Cox seeks relief has already been appealed and affirmed. Further, his 2255 petition has since been terminated and, at least partially, re-instated. His petition was terminated on January 12, 2017 for failure to follow proper administrative requirements. (New Jersey District Court, Case No.: 2:16 CV 345). Mr. Cox appealed the termination but withdrew the appeal. He later sought to reinstate the petition in the District Court. Despite not having fully complied with the administrative requirements, the New Jersey District Court ordered the

Government to respond. Mr. Cox's complaint relating to the length of time the New Jersey Court has taken to address his §2255 motion is being addressed by the New Jersey Court and the Third Circuit. Mr. Cox himself alleges that he sought mandamus relief from the Third Circuit, which denied such relief because "contrary to Cox's contention, the District Court is moving forward with the case, and we are confident that it will adjudicate his pending 2255 motion in a timely manner." (ECF #11 PageID 36). There is no reason to believe that the New Jersey District Court is not proceeding towards resolution of Mr. Cox's petition. There have been no less than 20 docket entries over the last year, and much of the delay in resolving the petition has stemmed from Mr. Cox's continued extraneous filings and appeals which require briefing and resolution by the Court.

The information alleged by the Petitioner does not bring to light any information that would justify a reversal of this Court's prior order. Further, when considering the New Jersey docket, there is no indication that the New Jersey District Court has suspended proceedings related to Mr. Cox's 2255 petition. Therefore, the Expedited Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(6) is DENIED. This Court hereby certifies, pursuant to 28 U.S.C. § 2253(c) that an appeal from this Order could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 1, 2021